IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHOGER JAMDALANI AINSWORTH,** | § | |
| **and WALTER J. AINSWORTH,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:14-CV-1942-M** |
| | § | |
| **WELLS FARGO HOME MORTGAGE,** | § | |
| **INC., et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management.  Before the Court are *Plaintiffs' Motion for Remand and Brief in Support*, filed May 30, 2014 (doc. 5), and *Defendant Barrett Daffin Frappier Turner & Engel, LLP's Motion to Dismiss and Brief in Support*, filed June 12, 2014 (doc. 9).  Based on the relevant filings and applicable law, the plaintiffs' motion to remand should be **DENIED**, and the defendant's motion to dismiss should be **GRANTED**.

**I.  BACKGROUND**

This case involves the attempted foreclosure of real property located at 400 Gingko Circle, Irving, Texas 75063 (the Property).  (doc. 1-4 at 4-5.)[1]  On May 29, 2014, Shoger Jamdalani Ainsworth and Walter J. Ainsworth (Plaintiffs) filed this suit against Wells Fargo Home Mortgage, Inc., a division of Wells Fargo Bank, N.A. (Wells Fargo), U.S. Bank National Association, as Trustee of Citigroup Mortgage Loan Trust Inc. (U.S. Bank), and Barrett Daffin Frappier Turner & Engel, LLP (Barrett Daffin) (collectively, Defendants) in state court.  Plaintiffs allege that they

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

executed a home equity note on or about November 3, 2005 for a loan in the principal amount of $384,000.00.  (doc. 1-4 at 3.)  The loan was secured by the Property, as evidenced by a home equity deed of trust.  (*Id*. at 4.)  On or about November 6, 2007, Wells Fargo assigned the note and deed of trust to U.S. Bank but remained the servicer of the loan.  (*Id*.)  Wells Fargo first accelerated the loan in 2008.  (*Id*.)

On behalf of Wells Fargo, Barrett Daffin sent Plaintiffs a notice of default and intent to accelerate on August 26, 2009, informing them that the loan had been declared in default and giving them 30 days to pay the past due balance in order to prevent acceleration.  (doc. 1-4 at 12, 13.)  On September 29, 2009, Barrett Daffin sent Plaintiffs a notice informing them that because the past due balance on the loan had not been paid, Wells Fargo had elected to accelerate the maturity of the loan.  (*Id*. at 14, 15.)  Both the August 26, 2009 and September 29, 2009 notices stated that Barrett Daffin represented Wells Fargo, and that it was authorized to initiate legal proceedings in connection with the foreclosure of the deed of trust.  (*Id*.)  The notices also stated that Barrett Daffin was a debt collector attempting to collect a debt.  (*Id*.)

On October 20, 2009, U.S. Bank filed a lawsuit under Tex. R. Civ. P. 736 seeking an order to foreclose on the Property.  (*Id*. at 4, *see id.* at 17-21.)  Hermann Kennedy, a vice-president of loan documentation at Wells Fargo, signed an affidavit in support of the lawsuit stating, in part, that Plaintiffs were in default under the loan, and that they failed to cure the default.  (*Id*. at 17-21.)  Plaintiffs contend that U.S. Bank non-suited the lawsuit on the day it was scheduled to be dismissed for want of prosecution.  (*Id*. at 4.)

On July 6, 2012, Barrett Daffin sent Plaintiffs another notice of default and intent to accelerate informing them that the loan had been declared in default, and giving them 30 days to pay

the past due balance on the loan in order to prevent acceleration.  (*Id.* at 25-31.)  On March 7, 2013, Barrett Daffin sent Plaintiffs a notice informing them that because the past due balance on the loan had not been paid, Wells Fargo had elected to accelerate the maturity of the loan.  (*Id*. at 32-38.) Similar to the 2009 notices, the July 6, 2012 and the March 7, 2013 notices stated that Barrett Daffin represented Wells Fargo and was authorized to initiate legal proceedings in connection with the foreclosure of the deed of trust.  (*Id*. at 25-38.)  The notices also stated that Barrett Daffin was a debt collector attempting to collect a debt.  (*Id*.)

On March 3, 2014, U.S. Bank filed another lawsuit pursuant to Tex. R. Civ. P. 736, seeking an order of foreclosure on the Property.  In support, Pete Romero, associate director of BDF Holdings, LP, an affiliated service provider for Barrett Daffin, signed an affidavit stating that Barrett Daffin had been retained by Wells Fargo to represent its interest in the foreclosure proceedings in connection with Plaintiffs' loan (the Romero Affidavit).  (*Id*. at 23-24.)  The Romero Affidavit stated that Barrett Daffin mailed the July 2012 and March 2013 notices to Plaintiffs at the request of Wells Fargo.  (*Id*. at 24.)  The lawsuit is currently pending in the 193rd Judicial District of Dallas County, Texas under cause number DC-14-02155.  (*Id*. at 4-5.)

Plaintiffs allege that U.S. Bank is barred from foreclosing on their "alleged lien on the Property."  (*Id*. at 5.)  They stated that "[a] lienholder has four years from the date of acceleration...to foreclose on real property secured by a lien."  (*Id*.).  They contend that U.S. Bank does not have a valid lien on the Property because it first accelerated the loan in 2008, and more than four years have passed since that acceleration.  (*Id*.)  Plaintiffs also contend that Defendants' attempt to foreclose violated the Texas Debt Collection Practices Act (the TDCPA).  (*Id*.)  They assert claims against Defendants for violations of the TDCPA and for quiet title, and they seek declaratory

3

relief, injunctive relief, exemplary and punitive damages, statutory penalties, and attorney's fees. (*Id.*)

On May 29, 2014, Wells Fargo and U.S. Bank removed the action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332.  (doc. 1 at 3.)  Barrett Daffin consented to the removal.  (doc. 1-20.)  Plaintiffs moved to remand the case to the state court on May 30, 2014, for lack of diversity jurisdiction.  (doc. 5.)  On June 12, 2014, Barrett Daffin moved to dismiss Plaintiffs' complaint for failure to state a claim.  (doc. 9.)  The motion for remand and the motion to dismiss are now ripe for recommendation.

## II.  MOTION TO REMAND

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action.  28 U.S.C. § 1441(a).  A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States.  *Id.* § 1331.  Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties.  *Id.* § 1332(a).

To determine whether it has federal jurisdiction over the removed case, the court must "consider the claims in the state court petition as they existed at the time of removal."  *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Id.*  "[A]ny doubt about the propriety of removal, must be resolved in favor of remand."  *Gasch v. Hartford Acc. & Indem.*

4

*Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

"[W]hen a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992) (citation omitted); *see also Smith v. Estate of Wagner*, No. CIV A H 06-02629, 2006 WL 2729282, at *3 (S.D. Tex. Sept. 25, 2006) (explaining that a "court ... [may] consider the defendant's notice of removal, other pleadings, and the record as of the time of removal if necessary to shed light on the plaintiff's pleadings"). "The purpose of this careful survey, however, is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's pleadings, not the defendant's." *Aquafaith*, 963 F.2d at 808.

## A.    Diversity of Citizenship

Plaintiffs move for remand on the grounds that the parties are not diverse.[2]  (doc. 5 at 3.) They contend that Barrett Daffin is a domestic LLP located in Dallas County and doing business in Texas, and that they are citizens of Texas.  (*Id.*)

An action removable based on diversity jurisdiction may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  A case that is removed under § 1332 must have "complete diversity" of citizenship. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. § 1332.  This means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).  The party asserting diversity jurisdiction must "distinctly and

---

[2] Plaintiffs do not dispute that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

affirmatively" allege the citizenship of all the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988); *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam) (citations omitted).

Individuals are citizens of the states in which they are domiciled. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Here, it is undisputed that Plaintiffs are domiciled in Texas, and are therefore citizens of Texas. (*See* docs. 1 at 5; 1-4 at 3; 5 at 3.) U.S. Bank and Wells Fargo assert that Wells Fargo is a citizen of South Dakota because Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., and Wells Fargo Bank, N.A.'s main office is located in South Dakota. (doc. 1 at 5.) For diversity jurisdiction purposes, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L.Ed.2d 797 (2006). Wells Fargo Bank, N.A.'s articles of association designate Sioux Falls, South Dakota, as the location of its main offices. *Wells Fargo Bank, N.A. v. Anderson*, No. 3:11-cv-024, 2011 WL 1135121, at *3 (N.D.Tex. March 28, 2011); *Wells Fargo Bank, N.A. v. WMR e-pin, LLC*, Civil No. 08-5472 (JNE/FLN), 2008 WL 5429134, at *1 (D. Minn. Dec. 29, 2008). U.S. Bank and Wells Fargo have shown that Wells Fargo is a citizen of South Dakota.

U.S. Bank and Wells Fargo assert that as trustee, U.S. Bank's citizenship, and not the trust's citizenship, controls for purposes of diversity jurisdiction. (doc. 1 at 6.) They contend that U.S. Bank is a citizen of Ohio because that is where its main office is located. (*Id.*) For diversity purposes, the citizenship of a trust is determined by the citizenship of its trustee. *Wells Fargo Bank, N.A. v. American Gen. Life Ins. Co.*, 670 F.Supp.2d 555, 561 (N.D. Tex. 2009)(citing *Navarro Savings Association v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)). U.S. Bank

is a national banking association, and its main office is located in Ohio. *See Pickens v. U.S. Bank Nat. Ass'n*, No. 12-cv-2210, 2013 WL 866171, *5 (N.D.Tex. Jan. 8, 2013), *report and recommendation adopted*, 2013 WL 869958 (N.D.Tex. Mar. 8, 2013); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 997 (9th Cir. 2007)(finding U.S. Bank N.A. was a citizen of Ohio because its main office was located there); *U.S. Bank N.A. v. Alliant Energy Res. Inc.*, No. 09-cv-078-bbc, 2009 WL 1850813, at *1 (W.D.Wis. June 26, 2009)("U.S. Bank National Association is a citizen of Ohio."). U.S. Bank and Wells Fargo have shown that U.S. Bank is a citizen of Ohio.

U.S. Bank and Wells Fargo have failed to "distinctly and affirmatively" allege the citizenship of Barrett Daffin. (*See* doc. 1.)[3] They argue that the citizenship of Barrett Daffin should be disregarded for purposes of determining diversity of citizenship because it was improperly joined. (*Id.* at 6.) They contend that "it is clear from the Petition that Plaintiffs have not alleged any specific facts that would give rise to a viable claim against Barrett Daffin independent of its role as foreclosure counsel for Defendants." (*Id.*)

## B.   Improper Joinder Exception

The improper joinder doctrine is a narrow exception to the complete diversity rule. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The doctrine ensures "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citation omitted). It allows a court to disregard the citizenship of an improperly joined defendant

---

[3]This failure is sufficient to warrant remand. *See McGovern*, 511 F.2d at 654 (affirming dismissal of a complaint for lack of subject-matter jurisdiction where the plaintiff made "deficient allegations of diversity"); *see also Gasch*, 491 F.3d at 281-82 (finding doubts about the propriety of removal must be resolved in favor of remand).

in determining diversity. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). To show improper joinder, the removing defendant bears the heavy burden of showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573–74 (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

Where, as here, the parties' citizenship is undisputed, "the inquiry [] focuses on the plaintiff's inability to establish a cause of action against the non-diverse party in state court." *Adams v. Chase Bank*, No. 3:11-CV-3085-M, 2012 WL 2122175, at *2 (N.D. Tex. May 11, 2012), *rec. adopted,* 2012 WL 2130907 (N.D. Tex. June 12, 2012). To prove improper joinder on this basis, the removing defendant must show there is no possibility of recovery by the plaintiff against the in-state defendant, i.e., no reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant. *Smallwood*, 385 F.3d at 572. "If no reasonable basis for recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed improper, unless the showing compels dismissal of all defendants." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis omitted).

There are two proper means for predicting whether a plaintiff has a reasonable basis for recovery under state law. *Smallwood*, 385 F.3d at 573. Initially, a "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (citation omitted). The Court must take as true the plaintiff's well-pleaded allegations of fact and resolve any contested issues of fact or ambiguities in state law in the plaintiff's favor. *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 608 (N.D.Tex. 2009) (citations omitted). The court does not predict "whether

the plaintiff will certainly or even probably prevail on the merits, but look[s] only for a possibility that he may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citation omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. If "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Although a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude [the] plaintiff's recovery against the in-state defendant." *Id.* at 573–74. The court may not move "beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

Here, Plaintiffs assert claims for violations of the TDCPA and quiet title, and they seek a declaratory judgment and injunctive relief to restrain "Defendants' violations [of] Chapter 392 of the Texas Finance Code." (doc. 1 at 5-8.) As discussed below in relation to Barrett Daffin's motion to dismiss Rule 12(b)(6), there is no reasonable basis for predicting that Plaintiffs might recover against it based on the doctrine of qualified immunity. Even assuming the doctrine of qualified immunity does not apply, there is no reasonable basis for predicting that Plaintiffs might recover against Barrett Daffin because their causes of action fail to state a claim against it. The joinder of Barrett Daffin was therefore improper, and its citizenship does not defeat removal jurisdiction premised on diversity of citizenship. *See Smallwood*, 385 F.3d at 572–73. Accordingly, U.S. Bank and Wells Fargo have met their burden to show that complete diversity of citizenship exists in this

case, and Plaintiffs' motion to remand should be denied.[4]

## III.  MOTION TO DISMISS

Barrett Daffin moves to dismiss Plaintiffs' claims for violations of the TDCPA and requests for declaratory and injunctive relief based on qualified immunity.  (doc. 9 at 7-13.)  Alternatively, it moves to dismiss Plaintiffs claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (*Id.* at 13-16, 19.)

## A.    Rule 12(b)(6) Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The plaintiff's pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quotation marks omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements

---

[4]Plaintiffs contends that U.S. Bank and Wells Fargo's removal of this case is not objectively reasonable, and that the Court should award them court costs, expenses, and attorney's fees.  (doc. 5 at 6.)  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Because removal was proper in this case, an award of attorney's fees is not warranted.

of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz  Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  "Pleadings" for purposes of a

11

Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725. Attachments falling under these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiffs attached to their petition copies of what they contend are notices of acceleration dated August 26, 2009, September 29, 2009, July 6, 2012, and March 7, 2013, an affidavit in support of the 2009 lawsuit seeking an order to foreclose on the Property under Tex. R. Civ. P. 736, the Romero Affidavit in support of the 2004 lawsuit seeking an order to foreclose on the Property under Tex. R. Civ. P. 736, and a special warranty deed. These documents are therefore considered part of the pleadings, and consideration of them does not require conversion of Defendants' motion to dismiss into a motion for summary judgment. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.

**B.      Qualified Immunity**

Barrett Daffin moves to dismiss Plaintiffs' claims against it as barred by the doctrine of qualified immunity. It claims that its involvement in the "foreclosure-related proceedings concerning the Property was limited to its representation of Wells Fargo in the capacity as foreclosure counsel." (doc. 9 at 7.)

Plaintiffs filed this case to prevent foreclosure of their home. (*See generally* doc. 1-4.) All of their claims are based on their contention that U.S. Bank's lien is invalid because the four-year

statute of limitations prevents it from foreclosing on the lien more than four years after it was first

accelerated in 2008.  (*Id*. at 5.)  Plaintiffs allege claims against Barrett Daffin for violation of the

TDCPA, declaratory judgment, and injunctive relief.   (*Id*. at 5-8.)  They essentially argue that

Barrett Daffin violated the TDCPA because it attempted to foreclose on an invalid lien, it sent a

notice of acceleration representing that the lien was valid, and it filed an action under Tex. R. Civ.

P. 736 to foreclose on the alleged invalid lien. (*Id*. at 6-7.)  They seek an order declaring that the

limitations period has expired, and that any lien created by the deed of trust and any power of sale

to enforce it are void.  (*Id*.)  They also seek injunctive relief to "prevent and restrain" Defendants'

violations under Chapter 392 of the Texas Finance Code.  (*Id*. at 8.)

       "Texas courts have long held that attorneys cannot be held civilly liable for damages to non-

clients, under any theory of recovery, for actions taken in connection with representing a client."

*Reagan Nat'l Adver. of Austin, Inc. v. Hazen*, No. 03-05-699-CV, 2008 WL 2938823, at *2 (Tex.

App.–Austin July 29, 2008, no pet.); *accord Rojas v. Wells Fargo Bank, N.A.,* 571 Fed. App'x 274,

278 (5th Cir. 2014); *Van Hauen v. Wells Fargo Bank, N.A.*, No. 4:12-cv-344, 2012 WL 4092590,

at *2 (E.D. Tex. Aug. 16, 2012).  The application of this qualified immunity to attorneys is based

on the fact that the public has an interest in "loyal, faithful and aggressive representation by the legal

profession."  *Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App.–Houston [1st Dist.] 1994, writ

denied)(quoting *Maynard v. Caballero*, 752 S.W.2d 719, 721 (Tex. App.–El Paso 1988, writ

denied); *see Reagan Nat'l*, 2008 WL 2938823, at *2.  In fulfilling the duty to "zealously represent

his clients within the bounds of the law," the qualified immunity doctrine ensures that an attorney

"has the right to interpose any defense or supposed defense and make use of any right [on] behalf

of such client or clients as [he] deemed proper and necessary, without making himself subject to

liability in damages." *Reagan Nat'l*, 2008 WL 2938823, at *2; *Bradt,* 892 S.W.2d at 71.  The doctrine is focused "on the kind of conduct engaged in, not whether the conduct was meritorious in the context of the underlying suit."  *Bradt,* 892 S.W.2d at 72.  [T]he dispositive question is whether the attorney's conduct was part of the discharge of his duties in representing a party in a lawsuit." *Taco Bell Corp. v. Cracken*, 939 F. Supp.528, 532 (N.D.Tex. 1996).  "Representing a mortgage company and filing a foreclosure action against homeowners who have defaulted on their loan is clearly the kind of 'conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit.'" *Smith v. Nat'l City Mortg.*, No. A-09-cv-881 LY, 2010 WL 3338537, at *4 (W.D.Tex. Aug. 23, 2010)(quoting *Bradt,* 892 S.W.2d at 72).

A lawyer's protection from liability arising out of his representation of a client is not without limits, however.  *Reagan Nat'l*, 2008 WL 2938823, at *3.  "Texas courts have recognized an exception to the privilege when an attorney knowingly commits a fraudulent act outside the scope of his legal representation of a client."  *Id*.  This type of action is foreign to his duties as an attorney, and he cannot shield himself from liability simply because he is an agent of his client.  *Id*.

Here, although Plaintiffs sue Barrett Daffin in its capacity as a debt collector under the TDCPA, they only allege facts demonstrating that Barrett Daffin was acting in its role as the agent or representative of Wells Fargo, who hired it to conduct foreclosure proceedings against them. Plaintiffs do not claim that Barrett Daffin engaged in any activities outside of its representation of Wells Fargo or outside of the foreclosure proceedings.  Barrett Daffin represented itself as acting on behalf of Wells Fargo in the default and acceleration notices attached to the petition and in the foreclosure proceedings.  (*See* doc. 1-4 at 23-37.)  Representing a mortgagee by initiating foreclosure proceedings and filing a foreclosure action against defaulting homeowners clearly fall

14

within the scope of an attorney's duties in representing his client.[5]  *See Smith*, 2010 WL 3338537, at *4.   Accordingly, Plaintiffs' claims against Barrett Daffin are barred by the doctrine of qualified immunity.  *See Rojas,* 571 Fed. App'x at 278  (finding attorneys are generally immune from suits brought against them if the action arises out of the duties involved in representing a client and that "[Barrett Daffin] has immunity for its acts as foreclosure counsel"); *Iqbal v. Bank of America*, 559 Fed. App'x 363, 365 (5th Cir. 2014) (finding [Barrett Daffin] qualified for attorney immunity because it was retained to assist in the foreclosure and the actions complained of by the plaintiffs were in the scope of its representation); *Lassberg v. Barrett Daffin Frappier Turnere & Engel, L.L.P.*, No. 4:13-cv-577, 2014 WL 2446173 (E.D. Tex. May 30, 2014) (finding Barrett Daffin was protected by the doctrine of qualified immunity where it was acting in its role as the law firm hired to conduct foreclosure proceedings and acted merely as the representative and/or agent of the defendant bank).[6]  Barrett Daffin's motion to dismiss Plaintiffs' claims against it due to the doctrine of qualified immunity should be granted.

---

[5]Plaintiffs assert for the first time in their response that Barrett Daffin is liable in its capacity as a substitute trustee.  (doc. 23 at 3.)  Because Plaintiffs, who are represented by counsel, have not sought or been granted leave to amend their petition, and Barrett Daffin has not consented to an amendment, this new allegation has not been considered.  *See* Fed. R. Civ. P. 15(a)(2).

[6]A few courts have declined to find that foreclosure counsel who have been sued under the TDCPA are protected by the doctrine of qualified immunity.  *See Kidwai v. Federal Nat. Mortg. Ass'n*, No. SA-13-cv-972-XR, 2014 WL 252026, at *3 (W.D. Tex. Jan. 22, 2014); *McDaniel v. JP Morgan Chase Bank, N.A.*, No. 12-cv-392, 2012 WL 6114944, at *6-7 (E.D. Tex. Dec. 10, 2012); *Hunt v. BAC Home Loans Servicing, LP*, No. C-11-261, 2012 WL 219330, at *9-10 (S.D. Tex. Jan. 24, 2012).  These courts noted that foreclosure counsel were being sued in their capacities as debt collectors, and that attorneys may be held liable as debt collectors under the TDCPA.  *See id.*  The courts in *McDaniel* and *Hunt* noted that they were unable to find any cases in which TDCPA claims against foreclosure counsel were dismissed under the doctrine of qualified immunity. *McDaniel*, 2012 WL 6114944, at *6; *Hunt*, 2012 WL 219330, at *9.  Here, although Plaintiffs claim that Barrett Daffin is a debt collector and expressly sue it under the TDCPA, they make no allegations that it acted outside of its representation of Wells Fargo.  (*See* doc. 1-4 at 7.)  All of their allegations demonstrate that Barrett Daffin was acting only in its role as counsel for Wells Fargo, as the Fifth Circuit found in *Rojas* and *Iqbal.*

C.      **TDCPA**

Alternatively, Barrett Daffin seeks to dismiss Plaintiffs' claims for violation of the TDCPA because their "conclusory allegations regarding the invalidity of the deed of trust secured by the Property are insufficient to state a claim for violation of the [TDCPA]." (doc. 9 at 14.)  It seeks to dismiss the claim under Section 392.301 as based on a legal conclusion that should be disregarded, and to dismiss the claim under Section 392.304 because Plaintiffs' petition fails to identify an affirmative statement that is false or misleading.  (*Id*. at 14-16.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers."  *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M (BH), 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *report and recommendation adopted*, 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012).   The Act defines "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection."  Tex. Fin. Code Ann. § 392.001(6).   "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor."  *Id.* § 392.001(5).   Debt collection can include "actions taken in foreclosing real property."  *Sanghera*, 2012 WL 555155, at *7 (citation omitted); *Swim,* 2012 WL 170758, at * 5.

1.      *Section 392.301(8)*

Subsection 392.301(a)(8) provides: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ ... threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8).  Plaintiffs allege that Barrett Daffin violated Section 392.301(8) of the TDCPA by attempting to foreclose on an invalid lien as evidenced by the Romero Affidavit. (doc. 1-4 at 7.)  This conclusory allegation cannot plausibly entitle them to relief because they do

not allege any facts showing that Barrett Daffin used threats or coercion in connection with the attempted foreclosure. *See Swim*, 2012 WL 170758, at *5 (dismissing claim under § 392.301(a)(8) because plaintiffs failed to allege, among other things, "how Defendants used threats or coercion" in connection with "foreclosing and selling the Property"). Therefore, Barrett Daffin's motion to dismiss Plaintiffs' claim for violation of Section 392.301(8) of the TDCPA for failure to state a claim should be granted.[7]

### 2.    Section 392.304(a)(8)(19)

During debt collection, or in obtaining information concerning a consumer, § 392.304(a) prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation that employs [certain prohibited] practices." Tex. Fin. Code Ann. § 392.304(a). Section 392.304(a)(8) prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt." *Lucas v. Ocwen Home Loan Servicing*, No. 13-cv-1057, 2013 WL 6620856, at *13 (N.D.Tex. Dec. 16, 2013)(quoting Tex. Fin. Code Ann. § 392.304(a)(8)). "Subsection 392.304(a)(19) operates effectively as a 'catch-all' provision, prohibiting a debt collector from 'using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.'" *Sanghera*, 2012 WL 555155, at * 8 (citing Tex. Fin. Code Ann § 392.304(a)(19)); *see also Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x. 233, 241-42 (5th Cir. 2014). "To violate the [TDCPA] using a misrepresentation, 'the debt collector must have made an affirmative statement that was false or misleading.'" *Verdin v. Federal Nat. Mortg. Ass'n*, 540 Fed.App'x 253 (5th Cir. 2013) (quoting

---

[7]Barrett Daffin also argues that Plaintiffs' claim under Section 392.301(8) should be dismissed because case law has established that foreclosure is not an action prohibited by law. (doc. 14 at 21.) However, debt collection can include "actions taken in foreclosing real property." *Sanghera*, 2012 WL 555155, at *7 (citation omitted). Therefore, the attempt to foreclosure may fall within the purview of the TDCPA.

*Kruse v. Bank of N.Y. Mellon*, 936 F. Supp.2d 790, 2013 WL 1294088, at *2 (N.D.Tex. Apr. 1, 2013)).

Plaintiffs argue that Barrett Daffin violated Section 392.304[8] of the TDCPA because (i) it represented on the March 7, 2013 notice of acceleration that U.S. Bank's lien as well as the power of sale under the deed of trust were still valid when they were really void, and (ii) it misrepresented the status of Plaintiffs' debt by filing a lawsuit to obtain an order to foreclose on an "invalid void" lien. *Id.* These are the only affirmative representations Plaintiffs allege that Barrett Daffin made. The notice of acceleration does not specifically represent that the lien or power of sale were valid. (*See* doc. 1-4 at 32-37.)  Although Plaintiffs allege that Barrett Daffin misrepresented the status of the debt by filing the lawsuit, they cite no authority for the proposition that the act of filing a lawsuit is an affirmative statement.  Finally, Plaintiffs fail to allege any affirmative false or misleading statements that Barrett Daffin made in filing the lawsuit.  Accordingly, Barrett Daffin's motion to dismiss Plaintiffs' claim for violation of Sections 392.304(a)(8) and (19) for failure to state a claim should be granted.

## D.   Declaratory Judgment

Barrett Daffin also seeks to dismiss Plaintiffs' request for a declaratory judgment on the basis that "Plaintiffs have not alleged any underlying substantive cause of action against [Barrett Daffin] which should not be dismissed."  (doc. 9 at 13.)

Plaintiffs' petition seeks relief under the Texas Declaratory Judgments Act, codified in §§ 37.001–37.011 of the Texas Civil Practice & Remedies Code.  "The Texas act is a procedural, rather

---

[8]Plaintiffs' complaint states that Barrett Daffin violated Section 392.034 of the TDCPA.  (*See* doc. 1-4 at 7.)  They presumably mean Section 392.304 as they cite that section earlier in their petition and there is not a Section 392.034 of the TDCPA.

than substantive, provision, and would generally not apply to a removed action such as this one." *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).  In light of removal from state court, the action may be construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012)( holding that "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act").

The federal Act allows a federal court to declare the rights and legal relations of any interested party.  *See id.*  The availability of a declaratory judgment depends upon the existence of a judicially remediable right, however.  *Id*. (*citing Schilling v. Rogers*, 363 U.S. 666, 677 (1960)).

Here, Plaintiffs seek a declaration that Defendants' statute of limitation under Tex. R. Civ. P. 16.035(b) has expired and "that any lien created by the Deed of Trust and any power of sale to enforce any such lien are void."  (doc. 1-4 at 6.)  Because Plaintiffs have failed to state a viable claim for relief against Barrett Daffin or show that a genuine controversy exists between them and Barrett Daffin, their declaratory judgment action should be dismissed.  *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *6–7 (N.D. Tex. Aug. 16, 2011), *aff'd*, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).  Barrett Daffin's motion to dismiss Plaintiffs' request for declaratory judgment should be granted.

19

## E.    Injunctive Relief

Barrett Daffin also seeks to dismiss Plaintiffs' request for injunctive relief because injunctive relief is a remedy and not a cause of action, and Plaintiffs have failed to adequately plead any cause of action against Barrett Daffin "which should not be dismissed."  (doc. 9 at 21.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'"  *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Here, Plaintiffs seek "injunctive relief against Defendants to prevent and restrain Defendants' violations [of] Chapter 392 of the Texas Finance Code."  (doc. 1-4 at 8.)  Because their only substantive claim against Barrett Daffin is subject to dismissal on the merits, they cannot establish any likelihood of success on the merits against Barrett Daffin.  *See Jackson*, 2011 WL 3874860, at *3.  Accordingly, Barrett Daffin's motion to dismiss Plaintiffs' request for injunctive relief should be granted.[9]

## F.    Attorney's Fees

Lastly, Barrett Daffin moves to dismiss Plaintiffs' request for attorney's fees on the grounds that they "have failed to adequately plead any cause of action against [Barrett Daffin] which should not be dismissed.  (doc. 9 at 19.)

Plaintiffs seek to recover their reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code 37.009 as well as their attorney's fees pursuant to Tex. Fin. Code § 392.403(b). (doc. 1-4 at 9.)  Tex. Civ. Prac. & Rem. Code 37.009 provides that a "court may costs and

---

[9]Barrett Daffin also moves to dismiss Plaintiffs' suit to quiet title.  (doc.  9 at 16-119.)  Plaintiffs do not assert a suit to quiet title against Barrett Daffin, however.

reasonable and necessary attorney's fees as are equitable and just" for any action brought under the Texas Declaratory Judgments Act, codified in §§ 37.001–37.011 of the Texas Civil Practice & Remedies Code. Tex. Civ. Prac. & Rem. Code 37.009. Tex. Fin. Code § 392.403(b) provides that a person who successfully maintains an action for injunctive relieve under § 392.403(a) is "entitled to attorney's fees reasonably related to the amount of work performed." Tex. Fin. Code § 392.403(b).

Because Plaintiffs' requests for declaratory and injunctive relief are subject to dismissal, Plaintiffs are not entitled to attorney's fees pursuant to Tex. Fin. Code § 392.403(b) and Tex. Civ. Prac. & Rem. Code 37.009. Accordingly, Barrett Daffin's motion to dismiss Plaintiffs' request for attorney's fees is granted

## IV.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his

or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, because the claims against Barrett Daffin are barred by the doctrine of qualified immunity, Plaintiffs should not be given an opportunity to amend their claims against it.

## V.  RECOMMENDATION

Plaintiffs' motion to remand should be **DENIED,** Barrett Daffin's motion to dismiss should be **GRANTED**, and all of Plaintiffs' claims against Barrett Daffin should be dismissed with prejudice.

**SO RECOMMENDED** on this 26th day of November, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE