IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHOGER JAMDALANI AINSWORTH, § <br> and WALTER J. AINSWORTH, § <br>     Plaintiffs, § <br>      § <br> v.     § <br>      § <br> WELLS FARGO HOME MORTGAGE, § <br> INC., et al.,     § <br>     Defendants.     § | Civil Action No. 3:14-CV-1942-M |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management. Before the Court is *Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support*, filed August 18, 2015 (doc. 46). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**.

**I. BACKGROUND**

This case involves the attempted foreclosure of real property located at 400 Gingko Circle, Irving, Texas 75063 (the Property). (doc. 45 at 2.)[1] On or about November 3, 2005, Shoger Jamdalani Ainsworth and Walter J. Ainsworth (Plaintiffs) executed a home equity note in favor of Wells Fargo Home Mortgage, Inc., a division of Wells Fargo Bank, N.A. (Wells Fargo), for a loan in the principal amount of $384,000.00. (doc. 45 at 2; doc. 47 at 5-8.) The loan was secured by the Property, as evidenced by a home equity deed of trust. (doc. 45 at 2; doc. 47 at 10-26.) The deed of trust stated that Lender would provide Plaintiffs notice prior to acceleration of the loan following breach of any covenant or agreement in the deed of trust. (doc. 47 at 21.) The notice was to inform

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiffs of their default, the action required to cure the default, and that failure to cure their default on or before a date not less than thirty days from the date the notice was given would result in acceleration of the loan and sale of the Property. (*Id*.) If the default was not cured on or before the date specified in the notice, Lender had the option to require immediate payment of all sums secured by the deed of trust without further demand and to invoke the power of sale. (*Id.*)

On May 5, 2014, Plaintiffs filed this suit against Wells Fargo, U.S. Bank National Association, as Trustee of Citigroup Mortgage Loan Trust Inc. (U.S. Bank)(collectively, Defendants), and Barrett Daffin Frappier Turner & Engel, LLP (Barrett Daffin) in state court asserting claims for violation of the Texas Debt Collection Practices Act and a suit to quiet title. (doc. 1-4 at 2-7.) They sought declaratory and injunctive relief, attorney's fees, and damages. (Id. at 5, 7-9.) Defendants, with Barrett Daffin's consent, removed the action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332 on May 29, 2014. (doc. 1 at 3; doc. 1-20.) On May 30, 2014, Plaintiffs moved to remand the case to the state court for lack of diversity jurisdiction, and on June 12, 2014, Barrett Daffin moved to dismiss Plaintiffs' claims against it for failure to state a claim. (docs. 5, 9.) Plaintiffs' request to remand the case was denied, and their claims against Barrett Daffin were dismissed with prejudice on December 22, 2014. (doc. 27.) Plaintiffs filed their first amended complaint on August 4, 2015. (doc. 45.)

In their first amended complaint, Plaintiffs allege that on or about November 6, 2007, Wells Fargo assigned the note and deed of trust to U.S. Bank but remained the servicer of the loan. (doc. 45 at 3.) Wells Fargo first accelerated the loan in 2008 (the 2008 Acceleration). (*Id.*) Barrett Daffin, on behalf of Wells Fargo as servicer of the loan, sent notices of default and intent to accelerate to Plaintiffs on January 9, 2008, August 5, 2008, October 17, 2008, and August 26, 2009.

2

(*Id*. at 11-20.) Each of the notices informed Plaintiffs that the loan had been declared in default for failure to pay installments as required, and that they needed to pay the past due balance of the loan as of the date of the notice in order to cure the default. (*Id*.) The notices also informed Plaintiffs that Wells Fargo would accelerate the maturity of the loan if the past due balance was not remitted to Wells Fargo in thirty days. (*Id*.)

On October 20, 2009, U.S. Bank filed a lawsuit under Tex. R. Civ. P. 736, seeking an order to foreclose on the Property pursuant to the deed of trust. (doc. 45 at 3.) Plaintiffs contend that U.S. Bank non-suited the lawsuit on the day it was scheduled to be dismissed for want of prosecution. (*Id*.)

On March 30, 2010, Plaintiffs signed a Special Forbearance Agreement in which Wells Fargo permitted them to make reduced payment installments under the loan for the months of April 2010 until June 2010. (doc. 45 at 28-29.) The Agreement noted that Plaintiffs' loan was currently due for twenty-five installments from February 1, 2008 until March 1, 2010, and Plaintiffs agreed to sign the Agreement and return it in exchange for Wells Fargo "extending forbearance" of the loan for a period of time. (*Id*. at 29.) It provided that any outstanding payments and fees would be reviewed for a loan modification. (*Id*.) If Plaintiffs were approved for a loan modification, all remaining past due amounts would be satisfied, and Defendants would send Plaintiffs a loan modification agreement. (*Id*.) Additionally, all provisions of the note and deed of trust were to remain in full force and effect. (*Id*.) If the Agreement was terminated, U.S. Bank reserved its right to institute foreclosure proceedings according to the terms of the note and deed of trust. (*Id*.)

On June 14, 2010, and July 6, 2012, Barrett Daffin, on behalf of Wells Fargo, sent Plaintiffs two more notices of default and intent to accelerate informing them that the loan had been declared

3

in default and giving them thirty days to pay the past due balance on the loan in order to prevent acceleration. (*Id.* at 21-25.)

Barrett Daffin, on behalf of Wells Fargo, sent Plaintiffs a notice of Rescission of Acceleration (the Notice of Rescission) on January 24, 2013. (*Id*. at 30-31.) The Notice purported to rescind a notice of acceleration dated August 7, 2012, and all prior notices of acceleration, and U.S. Bank agreed that Plaintiffs could continue to pay the indebtedness due pursuant to the terms of the loan. (*Id*.)

On March 7, 2013, Barrett Daffin sent Plaintiffs a notice informing them that because the past due balance on the loan had not been paid, Wells Fargo had elected to accelerate the maturity of the loan. (*Id*. at 32-38.)

On March 3, 2014, U.S. Bank filed another lawsuit pursuant to Tex. R. Civ. P. 736, seeking an order of foreclosure on the Property. The lawsuit was automatically dismissed upon the filing of the present suit. (doc. 45 at 4.)

Plaintiffs allege that U.S. Bank is barred from foreclosing on their "alleged lien on the Property." (*Id*.) They state that "[a] lienholder has four years from the date of acceleration ... to foreclose on real property secured by a lien." (*Id*.) They contend that U.S. Bank does not have a valid lien on the Property because it first accelerated the loan in 2008, and more than four years have passed since that acceleration. (*Id*.) They assert that Defendants were required to foreclose on the Property by January 9, 2012, but did not file suit to foreclose until March 4, 2014. (*Id*.) They assert a claim against Defendants for quiet title, and they seek declaratory relief, injunctive relief, actual damages, and attorney's fees. (*Id* at 5-9.)

4

## II. RULE 12(b)(6) MOTION

Defendants move to dismiss Plaintiffs' amended complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 46.)

**A.** **Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

5

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725. It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Plaintiffs attach to their amended complaint a copy of notices of default and intent to accelerate dated January 9, 2008, August 5, 2008, October 17, 2008, August 26, 2009, June 14, 2010, and July 6, 2012; the Special Forbearance Agreement; the Notice of Rescission; the Tex. R. Civ. P. 736 Application for Home Equity Foreclosure Order dated February 18, 2014; and a Special Warranty Deed dated November 3, 2005, which includes, in addition to the notices named above,

6

a March 7, 2013 notice of default and intent to accelerate. (doc. 45 at 11-87.) These documents are therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Defendants attach to their motion a copy of the note; the deed of trust; the corrective assignment of deed of trust; notices of default and intent to accelerate dated January 9, 2008, August 5, 2008, October 17, 2008, August 26, 2009, June 14, 2010, and July 6, 2012; the Special Forbearance Agreement; the Notice of Rescission; and a March 7, 2013 notice of default and intent to accelerate. (doc. 47.) The note, deed of trust, notices of default and intent to accelerate, Notice of Rescission, and Special Forbearance Agreement were attached to Plaintiffs' amended complaint and/or referenced in the amended complaint, so they are considered part of the pleadings. The deed of trust and the corrective assignment of deed of trust are matters of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of ... deeds and assignments"). Because the attached documents are part of the pleadings or subject to judicial notice, they may be considered without conversion of Defendants' motion into a motion for summary judgment. *See Norris*, 500 F.3d at 461 n.9.

**B.    Statute of Limitations**

Defendants moves to dismiss Plaintiffs' claim that they are barred from foreclosing on the Property due to the four-year statute of limitations under Tex. Civ. Prac. & Rem. Code § 16.001, *et. seq*. (doc. 46 at 13-21.) Defendants contend that the 2008 Acceleration was abandoned and the deadline to foreclose has not expired. (*Id.*)

In Texas, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action

7

accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b). For notes payable in installments and secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment. § 16.035(e). Once the four-year limitation expires, "the real property lien and a power of sale to enforce the real property lien become void. *Id*. at § 16.035(d). If a note or deed of trust contains an optional acceleration clause, "default does not ipso facto start limitations running on the note." *DTND Sierra Investments LLC v. Bank of New York Mellon Trust Company, N.A.,* 958 F. Supp.2d 738, 749 (W.D.Tex. 2013) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). Rather, the cause of action accrues only when the holder exercises its option to accelerate. *Id*. "Effective acceleration requires two acts: (i) notice of intent to accelerate, and (ii) notice of acceleration." *Mendoza v. Wells Fargo Bank, N.A.*, No. H-14-054, 2014 WL 2624938, at *5 (S.D.Tex. June 12, 2014) (quoting *Holy Cross,* 44 S.W.3d at 566).

A noteholder who has accelerated a note may abandon acceleration, however, "if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id*.; *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.-Houston [1st Dist.] 2012, no pet.). Acceleration may also be abandoned by agreement or by other action of the parties, including mailing account statements or intent-to-accelerate statements reflecting that a sum less than the entire debt was due. *See Boren v. U.S. Nat. Bank Ass'n*, No. H-13-2160, 2014 WL 6892553, at *4 (S.D.Tex. Sept. 8, 2013)(holding that account statements and intent-to-accelerate letters put debtor on notice that lender had abandoned the previous acceleration), *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 678-79 (5th Cir. 2015)(same), *Mendoza*, 2015 WL 338909, at *3-4 (holding that a letter of default and intent to accelerate letter put debtor on notice that lender had

abandoned previous acceleration). Also, a "forbearance agreement that provides that the full amount of the loan is not due immediately, rather, establishes monthly payments in exchange for not foreclosing, constitutes an agreement to abandon acceleration." *Stewart v. U.S. Bank Nat. Ass'n*, 107 F. Supp.2d 705, 709 (S.D. Tex. 2015)(citing *In re Rosas*, 520 B.R. 534, 539 (W.D.Tex. 2014)). Once abandoned, the contract is restored to its original condition, including restoration of the original maturity date. *See id.*; *Denbina v. City of Hurst*, 516 S.W.2d 460, 463 (Tex. Civ. App.–Tyler 1974, no writ). "Determining whether a holder has accelerated a note is a fact question, while determining accrual is a legal question." *Boren*, 2014 WL 6892553, at *2.

Defendants argue that the 2008 Acceleration was abandoned by their subsequent actions and agreements, including: (1) their sending notices of default and intent to accelerate from July 9, 2008 until July 6, 2012, pursuant to which Plaintiffs were given the opportunity to cure their default by remitting less than the full amount due under the loan; and (2) the parties entering into the Special Forbearance Agreement, which allowed Plaintiffs to pay past due amounts and provided that only a portion of the entire loan balance was due. (doc. 46 at 15-19.)

### *1.    Subsequent notices of default and intent to accelerate*

Defendants do not dispute, for purposes of the motion to dismiss, that the loan was accelerated at some point in 2008. (*See* doc. 46 at 9 n. 4.) Following the acceleration, the notices of default and intent to accelerate dated from July 9, 2008, until July 6, 2012, informed Plaintiffs that their past due payments consisted of their missed monthly installments rather than the entire balance of the loan. (doc. 45 at 11-26.) The notices therefore reflected that less than the full balance of the debt was due. *Id*. The notices also gave Plaintiffs the opportunity to cure the defaults by remitting the past due balance. *Id*.

9

The Fifth Circuit has recently upheld a finding that a lender abandoned acceleration by sending a subsequent notice of default letter listing an amount less than the full amount of the note due, and by sending a subsequent notice of intent to accelerate letter. *Meachum v. Bank of New York Mellon Trust Co.*, No. 3:13-cv-2322-N, 2015 WL 765982, at *1 (N.D.Tex. Feb. 20, 2015), *aff'd*, ___ F. App'x___, 2016 WL 121384 (5th Cir. Jan. 11, 2016). It has also recently held that a lender abandoned acceleration where it sent subsequent account statements listing less than the full amount due and gave the borrowers the option to cure their default by paying the past due balance. *Leonard*, 616 F. App'x at 678-79. Similarly, district courts in this circuit have concluded that sending account statements or notices seeking less than full payment of the accelerated note constituted abandonment of acceleration. *See Cline v. Deutsche Bank Nat. Trust Co.*, No. 3:14-cv-1565-D, 2015 WL 4041791, at *6 (N.D.Tex. July 2, 2015)(holding that a default notice and a trial plan agreement which each listed less than the full amount of the note as due, and the acceptance of three payments on the note in less than the full accelerated amount, were sufficient to put the plaintiffs on notice that the lender had abandoned acceleration); *Boren*, 2014 WL 5486100, at *3-4 (concluding lender abandoned acceleration by sending subsequent notices of default and notice of intent to accelerate requesting less than the full balance of the note).

Plaintiffs argue in their response that Defendants did not intend on seeking less than the full balance of the loan because they continued to resend notices of default and intent to accelerate, sometimes within two months of each other. (doc. 54 at 3, 9.) They argue that the August 2008 and October 2008 notices, sent two months apart, were identical. (*Id.* at 9.)[2] Plaintiffs provide no

---

[2]Plaintiffs also argue that Defendants did not truly intend to accept less than the full balance of the loan because they dismissed two of their previous lawsuits to foreclose and because they refused to approve Plaintiffs for a loan modification. (*Id.* at 3, 9-10.) Plaintiffs provide no basis or authority for the contention that dismissing lawsuits to foreclose and failing to approve Plaintiffs for a loan modification indicates that they did not intend to

10

authority for their contention that Defendants lack intent to accept less than the full balance of the note by sending more than one notice of default and intent to accelerate. Also, the fact that Plaintiffs sent multiple notices of default and intent to accelerate does not indicate that Defendants did not intend on seeking less than the full loan balance. It does indicate, however, that Plaintiffs continuously failed to pay the past due amounts, and Defendants continued to give them opportunities to cure their defaults. Further, none of the notices were identical, and they each provided different past due balances. The notices of default and intent to accelerate, which listed less than the full amount of the loan due and gave Plaintiffs the opportunity to cure their default by paying the past due balance, were sufficient to abandon the 2008 Acceleration.

### 2. *Special Forbearance Agreement*

The Special Forbearance Agreement, attached to the amended complaint, notified Plaintiffs that their loan was due for twenty-five installments, and Plaintiffs executed the Agreement on March 30, 2010 (after the 2008 Acceleration), in consideration of extending forbearance for a certain period of time. (doc. 45 at 28-29.)

Courts have found that a forbearance agreement that provides that the full amount of the loan is not due immediately and that establishes monthly payments for less than the amount due in exchange for not foreclosing, constitutes an agreement to abandon acceleration. *See Stewart*, 107 F. Supp.2d at 709-710; *In re Rosas*, No. 13-52402-CAG, 2014 WL 1779437, at *11 (W.D.Tex. May 5, 2014). In *In re Rosas*, a forbearance agreement sent by the lender notified the plaintiff that his loan was due for thirty-eight installments. 2014 WL 1779437, at *11. The court found that the parties therefore acknowledged that the loan was currently due for thirty-eight months, and such

---

accept less than the full balance of the loan despite the numerous notices they sent and the Special Forbearance Agreement, which indicated otherwise.

acknowledgment was effective to abandon acceleration because the loan could no longer be in a state of acceleration if it was no longer fully matured. *Id*.

Plaintiffs argue in the amended complaint that the Agreement did not reduce the total amount owed or promise that the entire note was not still due. (doc. 45 at 3.) As noted above, by acknowledging that the loan was only due for twenty-five installments as opposed to the entire balance of the loan, Plaintiffs affirmed that the full amount due on the note was no longer due immediately.

Plaintiffs also contend in their response that Defendants did not intend on seeking less than the full balance of the loan due to the fact that they executed a Special Forbearance Agreement but did not waive the right to foreclose at any time, even if Plaintiffs made the trial payments. (doc. 54 at 3.) Plaintiffs provide no basis or authority for such a contention. Additionally, the effect of the Special Forbearance Agreement was to abandon the 2008 Acceleration and reserve U.S. Bank's right to re-accelerate the loan and then foreclose in the future. The Agreement did not state anywhere that Defendants retained the rights they had upon acceleration, and it did not provide that Defendants could foreclose at any time. (*See* doc. 45 at 29.) Rather, it provided that U.S. Bank could institute foreclosure proceedings according to the terms of the note and deed of trust. (*See id*.) U.S. Bank would therefore have to re-accelerate the loan before it foreclosed pursuant to the terms of the note and deed of trust. (*See* doc. 47 at 6, 21.) As noted by the court in *Stewart*, "[the] contention that entering into the Forbearance Agreement did not abandon acceleration because the Forbearance Agreement and the deed of trust did not preclude U.S. Bank from exercising any rights available to it upon acceleration is unfounded." *Stewart*, 107 F. Supp.3d at 710.

Therefore, by signing the Special Forbearance Agreement, Plaintiffs affirmed that the full

amount of the note was not immediately due, and the Agreement accordingly constituted an agreement between Plaintiffs and Defendants to abandon acceleration.

### 3. *Subsequent 2013 Acceleration*

On March 7, 2013, based on the July 6, 2012 notice of default and intent to accelerate and the March 7, 2013 notice of acceleration, Defendants re-accelerated the loan. *See Mendoza*, 2014 WL 2624938, at *5 ("Effective acceleration requires two acts: (i) notice of intent to accelerate, and (ii) notice of acceleration."). The four-year limitations began to run from that day forward, and notwithstanding any applicable tolling of limitations, it has not yet expired. *See* Tex.Civ. Prac. & Rem. Code 16.035(a). Notably, Defendants filed a counterclaim for a judicial foreclosure in this case on July 11, 2014, which was subsequently amended on August 4, 2015. The claim for foreclosure was therefore timely under Rule 16.035(a).

Even taking as true all well-pleaded facts and viewing them in the light most favorable to Plaintiffs, the amended complaint demonstrates that Defendants properly abandoned the 2008 Acceleration by putting Plaintiffs on notice via the notices of default and intent to accelerate and the Special Forbearance Agreement that they were no longer seeking the full balance of the note. Plaintiffs make no allegations as to any subsequent acceleration, but the face of the amended complaint reveals a subsequent 2013 acceleration of the loan from which the four-year limitations began to run. Because the limitations period on Defendants' right to foreclose has not yet expired, any claim based on Plaintiffs' contention that Defendants' right to foreclose is barred by limitations fails to "state a claim to relief that is plausible on its face" and is subject to dismissal. *Twombly*, 550

13

U.S. at 555.³

**C.     Suit to Quiet Title**

Defendants seek to dismiss Plaintiffs' suit to quiet title because the sole basis of their claim is their failed argument that the deadline to foreclose accrued from the 2008 Acceleration and expired in January 2012. (doc. 46 at 21.)

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This suit "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation and internal quotation marks omitted). To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem.

---

³Defendants also argue that all accelerations of the loan prior to the 2013 notice of acceleration were abandoned by the Notice of Rescission. (doc. 46 at 19-20.) Although filing a notice of rescission serves as an effective abandonment to the acceleration of a note and deed of trust, *Clawson v. GMAC Mortg., LLC*, No. G-12-212, 2013 WL 1948128, at *4 (S.D.Tex.May 9, 2013), the Notice of Rescission was sent to Plaintiffs over four years after the 2008 Acceleration, after the limitations period as to the 2008 Acceleration expired. Because the 2008 Acceleration was abandoned when Defendants sent the notices of default and intent to accelerate, and Plaintiffs signed the Special Forbearance Agreement, it is unnecessary to reach whether the Notice of Rescission, sent after the limitations period as to the 2008 Acceleration would have expired, was effective to abandon the 2008 Acceleration. *See Mendoza*, 2015 WL 338909, at *5 n. 42 (finding it does not need to address whether the letter of rescission, sent two years after the limitations period on a 2008 acceleration of the loan would have expired, was effective to abandon the 2008 acceleration where the court concluded that the parties abandoned the 2008 acceleration by their actions).

op.)). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.* (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). Notably, the plaintiff must prove and recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Here, in order to establish their superior title and challenge the validity of U.S. Bank's title, Plaintiffs allege that they own the Property and U.S. Bank's claim to the Property is invalid because the statute of limitations bars any enforcement of any alleged lien on the Property. (doc. 45 at 7.) Because the 2008 Acceleration has not been abandoned, and the statute of limitations does not bar Defendants' enforcement of their lien on the Property, Plaintiffs' allegations fail to raise a reasonable inference that they have superior title, or that Defendants' claim to the Property is invalid or unenforceable. Accordingly, Defendants' motion to dismiss this claim should be granted.[4]

### D. **Declaratory Judgment**

Defendants seek to dismiss Plaintiffs' requests for declaratory relief because they failed to state a viable claim for relief against Defendants or show that a genuine controversy exists between the parties. (doc. 46 at 23.)

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, allows a federal court to declare

---

[4] In their response, Plaintiffs appear to suggest that their suit to quiet title could also be construed as a trespass to try title claim, and they have therefore also alleged a valid trespass to try title claim. (doc. 54 at 11-14.) Even assuming their suit to quiet title could properly be construed as a trespass to try title claim, such a claim would still fail because their allegations do not raise a reasonable inference that Plaintiffs have superior title to the Property. *See McLenore v. CitiMortgage, Inc.*, No. 3:12-cv-713-M, 2013 WL 775350, at *5 (N.D.Tex. Feb. 8, 2013)("As with a suit to quiet title, the plaintiff [bringing a trespass to try title claim] 'must recover upon the strength of his own title and not the weakness of the defendant's title.'")(citing *Rocha v. Campos*, 574 S.W.2d 223, 236 (Tex. App.–Corpus Christi 1978, no writ)).

the rights and legal relations of any interested party. 28 U.S.C. § 2201. The availability of a declaratory judgment depends upon the existence of a judicially remediable right, however. *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). Here, Plaintiffs seek a declaration that the lien established by the note and the power of sale granted in the security instrument are void and have expired. (doc. 45 at 5.) Their requested declaration is based on their invalid claim that Defendants' right to foreclose pursuant to the security instrument is barred by limitations. Additionally, as discussed above, they have failed to allege any facts giving rise to a plausible substantive claim or suggesting a present genuine controversy between the parties. Defendants' motion to dismiss this claim should be granted. *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *6–7 (N.D. Tex. Aug. 16, 2011), *aff'd*, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

**E.     Injunctive Relief**

Defendants also seek to dismiss Plaintiffs' request for injunctive relief because their claims are subject to dismissal on the merits, and therefore they are unable to establish any likelihood of success on the merits. (doc. 46 at 23-24.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, Plaintiffs seek injunctive relief against Defendants

16

to prevent and restrain their violations of Chapter 392 of the Texas Finance Code. (doc. 45 at 8.) Not only did Plaintiffs not make any allegations concerning, or any claims regarding, Chapter 392 of the Texas Finance Code, but their only substantive claim against Defendants is subject to dismissal on the merits. They cannot, therefore, establish any likelihood of success on the merits against Defendants. *See Jackson*, 2011 WL 3874860, at *3. Accordingly, Defendants' motion to dismiss their request for injunctive relief should be granted.

### F.     Damages and Attorney's Fees

Lastly, Defendants move to dismiss Plaintiffs' request for damages and attorney's fees on the grounds that they have not pled any claims that would entitle them to any damage recovery from Defendants, and their declaratory judgment is subject to dismissal. (doc. 46 at 24-25.)

Plaintiffs seek to recover all actual damages, statutory damages, and exemplary and punitive damages as well as their reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code 37.009. (doc. 45 at 8.)

Tex. Civ. Prac. & Rem. Code 37.009 provides that a "court may award costs and reasonable and necessary attorney's fees as are equitable and just" for any action brought under the Texas Declaratory Judgments Act, codified in §§ 37.001–37.011 of the Texas Civil Practice & Remedies Code. Tex. Civ. Prac. & Rem. Code 37.009.

Here, because Plaintiffs' only substantive claim is subject to dismissal on the merits, they are not entitled to any damages. Additionally, in support of their request for exemplary damages, they have failed to plead any underlying claim that makes a plausible showing that Defendants acted fraudulently or with malice or gross negligence. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 735 (N.D.Tex. 2011). Finally, because Plaintiffs' requests for declaratory and

17

injunctive relief are subject to dismissal and because Plaintiffs do not bring their declaratory judgment claim pursuant to Tex. Civ. Prac. & Rem. Code 37.009, Plaintiffs are not entitled to attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code 37.009. Accordingly, Defendants' motion to dismiss Plaintiffs' request for damages and attorney's fees should be granted.

### III. REQUEST FOR LEAVE TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Here, Plaintiffs specifically request an opportunity to replead their claims, including additional facts to support their claim for declaratory relief, if any deficiencies are found in their amended complaint. (doc. 54 at 9, 14.)

The parties' deadline for filing motions for leave to amend pleadings was July 7, 2015, and the deadline was extended to July 29, 2015, over three months before Plaintiffs made the request to amend. (*See* doc. 34, 36.) Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a plaintiff may amend a complaint after expiration of a scheduling order's deadline "for good cause and with the judge's consent." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008). If the plaintiff satisfies the requirements of Rule 16(b)(4), the court must determine whether to grant leave under the more liberal standard of Rule 15(a)(2), which states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Hoffman v. L&M Arts*, No. 3:10-cv-0953-D,

2012 WL 4321739, at *2 (N.D.Tex. 2012). Under Rule 15(a)(2), the court may consider several factors, including futility of amendment. *Hoffman*, 2012 WL 4321739, at *4.

Here, Plaintiffs simply request an opportunity to replead if the Court finds deficiencies in their amended complaint. Even assuming Plaintiffs meet the "good cause" standard under Rule 16(b)(4), they have previously amended their complaint, and any further amendment of their complaint would be futile because all of their claims and requests for relief in the amended complaint are based on their faulty and invalid contention that Defendants' right to foreclose pursuant to the deed of trust is barred by limitations. Plaintiffs' request for leave to amend their amended complaint should therefore be denied.[5]

## IV. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED**, and all of Plaintiffs' claims against them should be dismissed with prejudice.

**SO RECOMMENDED** on this 24th day of February 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiffs' request also does not comply with Local Rule 15.1 of the Local Civil Rules for the Northern District of Texas, which provides that when a party files a motion for leave to file an amended pleading, the party must attach the proposed amended pleading as an exhibit. Compliance with the rules of procedure is required of all parties and leave to amend may be denied for non-compliance. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (accepting recommendation). Plaintiffs' non-compliant request is also subject to denial for this reason.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE