**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHOGER JAMDALANI AINSWORTH,** | § | |
| **and WALTER J. AINSWORTH,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:14-CV-1942-M** |
| | § | |
| **WELLS FARGO HOME MORTGAGE,** | § | |
| **INC., et al.,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this case was automatically referred for full case management.

Before the Court for recommendation is the defendants' *Motion for Relief from Final Judgment and

Brief in Support*, filed September 6, 2017 (doc. 95). Based on the relevant filings, evidence, and

applicable law, the motion should be **DENIED**.

## I.  BACKGROUND

This case involves the foreclosure proceedings of real property located at 400 Gingko Circle,

Irving, Texas 75063 (the Property). (doc. 45 at 2.)[1]

On May 5, 2014, Shoger Jamdalani Ainsworth and Walter J. Ainsworth (Plaintiffs) filed this

suit against Wells Fargo Home Mortgage, Inc., a division of Wells Fargo Bank, N.A. (Wells Fargo)

and U.S. Bank National Association, as Trustee for CitiGroup Mortgage Loan Trust Inc., Mortgage

Pass-Through Certificates, Series 2006 - WF1 (U.S. Bank) (collectively Defendants), alleging

violations of the Texas Debt Collection Practices Act and seeking to quiet title.[2] (*See* docs. 1-4, 45.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiffs also named Defendants' foreclosure counsel, Barrett Daffin Frappier Turner & Engel, LLP (Barrett Daffin), as a defendant. (docs. 1-4, 45.) The claims against Barrett Daffin were dismissed with prejudice on December 22, 2014, and they asserted no counterclaims. (doc. 27.)

Defendants removed the action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332 on May 29, 2014, and asserted a counterclaim for judicial foreclosure based on a home equity loan.[3] (docs. 1 at 3, 1-20, 44.) On March 23, 2016, Plaintiffs' claims against Defendants were dismissed with prejudice under Rule 12(b)(6) for failure to state a claim. (docs. 58, 59, 60.)

On October 7, 2016, Defendants filed a summary judgment motion on their counterclaim for judicial foreclosure. (docs. 71, 72.) On May 30, 2017, the court found that "Defendants [had] met their summary judgment burden to show no genuine issue exists as to any material fact on their counterclaim for judicial foreclosure" because their motion and attached exhibits:

> show that a debt in the amount of $384,000.0006 due in monthly installments payable to Wells Fargo exists under the Note [executed by Plaintiffs] (*see* doc. 73-1 at 6-10), and that it is secured by a lien created in the Deed of Trust under Article 16, Section 50(a)(6) of the Texas Constitution (*see id.* at 12- 28) . . . [and the] exhibits show that Plaintiffs are in default under the Note and Deed of Trust because they failed to make payments beginning on March 1, 2008 (*see id.* at 37-77), and that they were properly served with a notice of default on July 6, 2012, and a notice of acceleration on March 7, 2013 (*see* doc. 73- 2).

(doc. 86 at 10-11.) It also found that "[a]t the time the summary judgment motion was filed, the amount necessary to reinstate the loan was $387,130.98, and the amount necessary to pay off the loan was $752,649.82." (*Id.* at 10 n.6.)[4]  These findings were accepted, and summary judgment was granted, on August 7, 2017, and a Final Judgment was issued that same day that authorized Defendants to "foreclose on their lien on the real property located at 400 Gingko Circle, Irving, Texas 75063 in accordance with the note, deed of trust, and § 51.002 of the Texas Property Code." (doc. 94.)

---

[3] Defendants initially sought attorneys' fees in their counterclaim for foreclosure, but they filed a notice on August 28, 2015, explaining that "they no longer wish to pursue their claim for attorneys' fees as set forth in the Counterclaim," and that "Defendants' attorneys' fees claim was no longer part of the relief sought by Defendants in their Counterclaim." (doc. 49 at 1-2.)

[4] Plaintiffs never objected to these findings, so they were reviewed for "plain error." (doc. 93.)

One month after judgment was entered, Defendants requested that the Final Judgment "be amended by the Court to more precisely define the relief it awards Defendants" and include certain terms so that they can execute the judgment under Texas procedural law. (doc. 95 at 3.) They expressly seek relief under Federal Rule of Civil Procedure 60(b)(4), arguing that the Final Judgment is "void" and should be "reform[ed]." (*Id*. at 4-5.) With a timely filed response and reply, this motion is ripe for recommendation. (docs. 97, 98.)

## II. MOTION FOR RELIEF FROM JUDGMENT

Defendants contend that the Final Judgment is void under Rule 60(b)(4) because it is "vague." (doc. 95 at 3.)

## A.    Rule 60(b)(4)

Rule 60(b)(4) provides that upon motion, a court may relieve a party from a final judgment or order if the judgment is void.  Fed. R. Civ. P. 60(b)(4).  The Fifth Circuit has recognized two circumstances when a district court's judgment may be set aside as void under Rule 60(b)(4): (1) if the district court lacked subject matter or personal jurisdiction over the case, or (2) if the district court acted in a manner contrary to due process. *See Automation Support, Inc. v. Humble Design, L.L.C.*, No. 17-10433, 2018 WL 1474937, at *2 (5th Cir. Mar. 26, 2018); *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). A Rule 60(b)(4) challenge to jurisdiction should be sustained "only where there is a clear usurpation of power or total want of jurisdiction." *Automation Support, Inc.*, 2018 WL 1474937, at *2.  Due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction, and even serious procedural irregularities during the course of the civil case will not subject the judgment to collateral attack as void. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). Even where a judgment is "defective due to an error in law, [it] is not for that reason void." *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec.*

*Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972). "The Fifth Circuit has not resolved the question of which party bears the burden of proof on a Rule 60(b)(4) motion." *See Sindhi v. Raina*, No. 3:15-CV-3229-D, 2017 WL 4167511, at *3 (N.D. Tex. Sept. 20, 2017) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521 n.6 (5th Cir. 2002) (declining to "choose a side in the split of authority on this question")).

Here, a Final Judgment was entered that authorized Defendants to "foreclose on their lien on the real property located at 400 Gingko Circle, Irving, Texas 75063 in accordance with the note, deed of trust, and § 51.002 of the Texas Property Code." (doc. 94.) None of the parties assert any jurisdictional defects or due process concerns, and a review of the record shows no error under either of the "two circumstances" identified by the Fifth Circuit that would void a judgment. *See Automation Support, Inc.*, 2018 WL 1474937, at *2. The Final Judgment is not void under Rule 60(b)(4) under Fifth Circuit precedent.

B.    **"Void for Vagueness"**

Defendants argue that Rule 60(b)(4) allows a federal court sitting in diversity jurisdiction to void a judgment that is "vague," and they contend that the Final Judgment here is "void for vagueness" because it "does not satisfy the requirements of Rule 309" of the Texas Rules of Civil Procedure.[5] (*See* doc. 95 at 3-5.)

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this

---

[5] Rule 309 states:

Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and, except in judgments against executors, administrators and guardians, that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment; and, if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to take the money or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions. Tex. R. Civ. P. 309.

one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc.,*

*P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer,* 380 U.S. 460, 465

(1965)); *see also Guzman v. Mem'l Hermann Hosp. Sys.*, No. H-07-3973, 2008 WL 5273713, at *14

(S.D. Tex. Dec. 17, 2008) ("As a general rule, under the *Erie* doctrine, when a plaintiff asserts a

state-law claim in federal court, the federal court applies state substantive law to adjudicate the

claims but applies federal procedural law.") (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d

391, 394 (5th Cir. 2003)). "Federal courts are not bound, however, to follow a state law that merely

is in some sense substantive, if it is in conflict with the Federal Rules of Civil Procedure." *Nelson*

*v. Myrick*, No. CIV.A.3:04-CV-0828-G, 2005 WL 723459, at *2 (N.D. Tex. Mar. 29, 2005) (citation

and internal quotation marks omitted). If the federal rule in question is "sufficiently broad to cause

a direct collision with the state law, or implicitly, to control the issue before the court," there is "no

room for the operation of [the state] law." *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 4–5

(1987) (internal quotation marks omitted).

Defendants, in essence, seek to apply Texas procedural law as a means to void a judgment

as "vague." (doc. 95 at 4-5.) In support, they cite two cases explaining how Federal Rule of Civil

Procedure 69(a) requires a writ of execution on a money judgment to accord with the procedures of

the state where the court is located, except to the extent that a federal statute governs. (doc. 95 at 4)

(citing *Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568-69 (5th Cir. 2006); *Amron Int'l Diving*

*Supply, Inc. v. Hydrolinx Diving Commc'n, Inc.*, No. 5:12-CV-1189-DAE, 2014 WL 1652600, at

*4 (W.D. Tex. Apr. 24, 2014)). They, however, fail to explain why the relevant federal procedural

rules on the entry and form of judgment, such as Rules 54 and 58, would not control in this context.

*See* Fed. R. Civ. P. 54(a), 58; *see also Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 256 (5th

Cir. 2013) (noting that the federal courts are "bound by federal procedural rules"); *see also Jackson*

*v. FIE Corp.*, 302 F.3d 515, 522-23 (5th Cir. 2002) (rejecting the plaintiff's "contention that Louisiana's rule of jurisdictional preclusion governs this appeal [of the denial of a motion under Rule 60(b)(4)]" because the "principle that a party may silently suffer a default judgment and later challenge personal jurisdiction" is a "foundational principle of federal jurisdictional law"). Defendants do not cite any Fifth Circuit authority for their proposition that a judgment that is allegedly vague can be one of the "limited circumstances" upon which a judgment can be vacated under Rule 60(b)(4) as "void". *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).

Finally, even assuming that Texas procedural law on "void" judgments applied in this context, it is not clear if the "void for vagueness" holding in *In re R.J.A.H.*, 101 S.W.3d 762, 763-64 (Tex. App.–Houston (1st Dist.) 2003, no pet.), which Defendants cite, is still applicable in Texas. (*See* doc. 95 at 3-5.) *In re. R.J.A.H.* held that a judgment terminating parental rights was "void for vagueness and uncertainty" because it continued to grant visitation rights to the terminated parent "unless a Department expert believes it to be contrary to the best interests of the children." *Id.* at 763. Several years after this decision however, the Texas Supreme Court clarified the situations rending a judgment "void" because there had been "some inconsistency in [Texas's] jurisprudence concerning important distinctions between void and voidable judgments and direct and collateral attacks." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). It explained that "a judgment [is] void when the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Id.* at 272 (citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010)). Similar to Fifth Circuit precedent, the Texas Supreme Court did not identify that a judgment is "void" solely for being found to be "vague." *See Gulf Coast Bldg. & Supply Co.*, 460 F.2d at 108.

6

The Final Judgment in this suit is ultimately not susceptible to being vacated as void under Rule 60(b)(4) because it is not "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Harold L. Rosbottom, Jr. v. Gerald H. Schiff, Trustee*, No. CV 16-0880, 2018 WL 1462112, at *4 (W.D. La. Mar. 22, 2018) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). Defendants' motion for relief under Rule 60(b)(4) should be denied.

## III. RECOMMENDATION

Defendants' motion for relief under Rule 60(b)(4) should be **DENIED**.

**SO RECOMMENDED** on this 6th day of April 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE